IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KELLY DANSIE,<br><br>                   Plaintiff,<br>v.<br><br>UNION PACIFIC RAILROAD,<br><br>                   Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY FEES AND COSTS<br><br>Case No. 2:17-cv-01058-JNP<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Kelly Dansie's motion for attorney fees and costs. ECF No. 147. The court GRANTS IN PART and DENIES IN PART the motion.

## BACKGROUND

Dansie sued his employer, Union Pacific Railroad, asserting a failure-to-accommodate claim under the Americans with Disabilities Act (ADA) and a claim that Union Pacific violated his rights under the Family and Medical Leave Act (FMLA). The court granted summary judgment in favor of Union Pacific on the ADA claim. The FMLA claim went to trial, and the jury returned a defense verdict. Dansie appealed, arguing that the court improperly granted summary judgment on the ADA claim and that the court erred by failing to give a requested supplemental instruction during the jury trial on the FMLA claim. The Tenth Circuit reversed the order granting summary judgment on the ADA claim and remanded for further proceedings on that claim. The Tenth Circuit affirmed the jury's defense verdict on the FMLA claim.

On remand, the trial judge recused, and the case was transferred to this judge. The court set a trial date for the ADA claim. Before the trial, the parties settled the case. In the settlement agreement, the parties stipulated that Dansie would be deemed the prevailing party on the ADA

claim and that he was "entitled to reasonable attorney's fees, including litigation expenses and costs as allowed by the applicable law, incurred in connection with this Lawsuit." They agreed that Dansie would submit a motion for attorney fees and costs and that the court would determine the proper amount to award under 42 U.S.C. § 12205, which permits courts to award fees and costs to a plaintiff who prevails on an ADA claim.

## ANALYSIS

Pursuant to their settlement agreement, Dansie filed a motion for attorney fees and costs. He requests $788,200[1] for attorney fees and $40,361.76 for litigation costs. Union Pacific opposes the motion. First, it argues that the court should decline to award anything to Dansie. Second, it asserts that the amounts requested by Dansie are inflated because both the number of attorney hours plaintiff's counsel expended in this litigation and their hourly rates are unreasonable. Thus, Union Pacific contends that if the court elects to award fees and costs, the proper amounts should be $246,947.85 for attorney fees and $12,418.08 for costs.

I.       **ENTITLEMENT TO AN AWARD FOR FEES AND COSTS**

In an ADA case, the court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Interpreting a similarly worded attorney fee statute, 42 U.S.C. § 1988(b), courts have held that prevailing plaintiffs are normally entitled to a fee award: "If a plaintiff prevails in a suit covered by § 1988, fees should be awarded as costs 'unless special circumstances would render such an award unjust.'" *Kentucky v. Graham*, 473 U.S. 159, 164 (1985) (citation omitted). "Accordingly, a 'district court's discretion

---

[1] In his attorney fee motion, Dansie initially requested $742,825. In his reply brief, he augmented his request by $45,375 to account for fees incurred after he filed his motion.

to deny fees to a prevailing plaintiff is quite narrow.'" *Zinna v. Congrove*, 680 F.3d 1236, 1239 (10th Cir. 2012) (citation omitted). The Tenth Circuit construes § 12205 in tandem with § 1988(b). *Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997). Thus, the special circumstances standard applicable to fee applications brought under § 1988(b) also applies to § 12205. To succeed on its argument that the court should deny Dansie's motion for fees and costs altogether, Union Pacific must prove that special circumstances exist that would make it unjust to grant the motion.

Union Pacific argues that special circumstances exist because Dansie must have dishonestly inflated the number of hours that his attorneys billed in this case. As evidence for this serious accusation, Union Pacific represents that during settlement negotiations Dansie's attorneys stated that their fees and costs up to that point totaled nearly $800,000. Union Pacific further alleges that Dansie's attorneys stated that this amount was based on an hourly rate of $708 for his lead trial attorney and his lead appellate attorney. But when Dansie filed this motion for attorney fees, he calculated his fee request based on an hourly rate of $550 for these two attorneys and requested a total of $783,186.76 for fees and costs. Union Pacific speculates that Dansie's attorneys must have artificially inflated their hours in order to make up for the reduced hourly rate for these two attorneys.

Dansie responds that the discrepancy is due to the fact that his settlement negotiations estimate did not include attorney hours billed by the lead trial attorney's partners and associates or by local counsel. Nor did the estimate include some of the hours billed by Dansie's lead trial counsel. Because Dansie ultimately requested fees based on hours billed by a total of 12 attorneys and a law student, the court finds this to be a reasonable explanation for the discrepancy caused by the reduction in the hourly rates requested by only two of his attorneys. Thus, the court does not

3

credit Union Pacific's accusations of dishonest billing hour inflation and finds that there are no exceptional circumstances justifying a full denial of Dansie's motion for fees and costs.

## II. NUMBER OF HOURS REASONABLY EXPENDED

An attorney fee award under 42 U.S.C. § 12205 must be "reasonable." "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Union Pacific argues that the number of attorney hours for which Dansie seeks compensation is unreasonable for a number of reasons.

### A. The FMLA Trial

Union Pacific asserts that the attorney fee award requested by Dansie should be reduced by $97,420 to account for attorney fees attributable to the jury trial on Dansie's unsuccessful FMLA claim. The court disagrees.

The Supreme Court has indicated that a fee award should usually compensate a plaintiff for hours spent on unsuccessful claims:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435 (citation omitted). A prevailing plaintiff is entitled to fees for unsuccessful claims if he or she can satisfy two requirements: (1) "the plaintiff's successful and unsuccessful claims [are] related" and (2) "the plaintiff's overall level of success justifies a fee award." *Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1177 (10th Cir. 2010). "[C]laims are related if they are based on a common core of facts or are based on related legal theories." *Id.*

4

Union Pacific does not argue that the ADA and FMLA claims are unrelated. Nor does it assert that Dansie's overall success in the litigation does not justify a fee award. Instead, Union Pacific contends that the hours expended on the unsuccessful FMLA trial should be excluded because those hours are easily severable from the hours spent on the successful ADA claim. In support of its argument, Union Pacific cites a number of cases that have commented on the difficulty of distinguishing between hours spent on successful and unsuccessful claims. *See Hensley*, 461 U.S. at 1940 ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."); *Flitton*, 614 F.3d at 1177 ("In these circumstances, it is difficult to distinguish between the time [the plaintiff's] attorneys spent on the retaliation claim generally and the time they spent on her claim for punitive damages based on [the defendant's] unlawful retaliation."); *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 412 (10th Cir. 1993) (awarding fees for hours spent on three related issues while noting that "[t]here was no way to separate the work on the core issue").

While these cases certainly reference the challenges that are frequently inherent to the task of separating hours spent on successful and unsuccessful claims, they do not hold that a court must find that segregating hours is difficult as a precondition to awarding fees for the litigation as a whole. Instead, *Flitton* clearly holds that a plaintiff is entitled to fees for hours spent on unsuccessful claims if (1) the successful and unsuccessful claims are related and (2) the plaintiff's level of success in the litigation warrants a fee award. Union Pacific has not meaningfully challenged either of these requirements. Accordingly, the court will not discount the attorney hours spent on the unsuccessful FMLA trial.

B.     *Billing Entry Descriptions*

Union Pacific argues that the court should exercise it discretion to exclude billed hours from the fee award because plaintiff's counsel provided unreasonably vague descriptions of the tasks that they performed. It complains, for example, that billing descriptions such as "draft motion for summary judgment" or "write, edit, revise appellate brief" are not sufficiently detailed to allow the court to evaluate the reasonableness of the time spent on specific tasks. Union Pacific purports to have found hundreds of hours for which the billing entries are inadequate and asks the court to subtract $247,740 from the fee award for these hours. The court declines to do so.

"Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended." *Hensley*, 461 U.S. at 1941 n.12. Counsel need only "identify the general subject matter of his time expenditures." *Id.* So long as the court is able "to evaluate the propriety of the fee request based on the specific billing entries," the entries are adequate. *Flitton*, 614 F.3d at 1178. The court finds that billing entries that indicate that an attorney spent time working on a particular brief is sufficiently descriptive to allow the court to evaluate the propriety of the hours spent on the litigation. Indeed, it is difficult to imagine what use the court would make of more detailed descriptions. Accordingly, the court will not reduce the attorney fee award based on the billing entry descriptions.

C.     *Travel Time*

Dansie seeks $49,500 in attorney fees for the 90 hours that his out-of-state counsel billed for traveling to and from Utah for depositions, hearings, and the trial. Union Pacific argues that the court should not award fees for time spent travelling to and from the state. The court agrees.

"[B]ecause there is no need to employ counsel from outside the area in most cases, we do not think travel expenses for such counsel between their offices and the city in which the litigation

is conducted should be reimbursed. Departure from this rule should be made in unusual cases only." *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983). This rule also applies to requests for fees for an out-of-state attorney's trave time. *Thames v. Evanston Ins. Co.*, 665 F. App'x 716, 721–22 (10th Cir. 2016) (unpublished); *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2021 WL 254268, at *10 (D. Utah Jan. 26, 2021) ("The court applies [the *Ramos* standard] to travel-related hours billed by out-of-state counsel because it is unreasonable for a prevailing party that could have obtained in-state representation to charge its opponent for time incurred strictly because they chose to hire out-of-state counsel.").

This is not an unusual case that requires departure from the rule against compensating travel time for out-of-state counsel. Counsel within Utah are capable of litigating ADA and FMLA employment law claims. Although Dansie argues that he hired his trial counsel based on his extensive experience litigating against railroads, the court finds that special knowledge regarding railroad defendants is not required to competently litigate federal employment law claims against such a defendant. Dansie also argues that the travel time is compensable because his trial counsel avers that when he travels, he "[tries] to work on the issue for which [he] is travelling." But such vague assertions are not sufficient to justify the 90 hours of travel time claimed here as productive attorney time spent on normal litigation tasks.

Accordingly, the court finds that the hours attributed to travel time are not compensable. The court reduces the attorney fee award by $49,500, the amount claimed for travel time.

D.      *Communications with Co-Counsel*

Union Pacific asserts that the fee award should be reduced by $20,865 because this amount was billed for duplicative time that his counsel spent communicating with each other regarding the litigation. The court disagrees.

7

Time billed for communicating with co-counsel is compensable so long as it is reasonable. *See Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1106 (10th Cir. 2010) (rejecting an argument that hours spent communicating with co-counsel were unreasonable). Union Pacific identified approximately 32 hours of time billed for such communications. Averaged over the five years that this case had been pending before the parties agreed to settle, Dansie's counsel billed just over half an hour per month for communicating with each other. Given the need to coordinate efforts between trial counsel, local counsel, and appellate counsel, this amount of time is far from unreasonable. *See id*. (holding that an average of .7 hours per month for communications with co-counsel was not excessive).

  E.  *Billing Judgement for Pretrial Work*

Union Pacific argues that the number of hours expended on pretrial litigation tasks was unreasonable. A party requesting a fee award "should exercise 'billing judgment' with respect to hours worked." *Hensley*, 461 U.S. at 1941. "Billing judgment consists of winnowing hours actually expended down to hours reasonably expended." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005).

Union Pacific argues that Dansie's counsel did not exercise proper billing judgment by requesting compensation for 11.2 hours drafting written discovery; 17.5 hours reviewing documents; 82.7 hours drafting, reviewing, and editing Dansie's motion for summary judgment; and 50.3 hours drafting, reviewing, and editing a response brief to Union Pacific's motion for summary judgment. Union Pacific asserts that, given his experience, it should have taken Dansie's counsel much less time to complete these tasks. The court disagrees. Union Pacific has not shown that there was anything unusual about the time dedicated to these tasks. Accordingly, the court will not discount the hours requested by Dansie for these tasks.

### F. Billing Judgment for Appellate Work

Dansie's appellate counsel billed 539.8 hours related to the appeal in this case. Dansie seeks $244,673 in attorney fees for this time. Dansie's appellate counsel filed a 55-page appellant's brief, a 27-page reply brief, and a 15-page attorney fee motion. Appellate counsel also attended oral argument. In the appeal, Dansie principally argued that the district court erred by granting summary judgment on the ADA claim. He also briefly argued that the trial court erred by declining to give a requested supplemental jury instruction during the FMLA trial.

Union Pacific contends that Dansie's appellate counsel spent an unreasonable number of hours prosecuting the appeal. The court agrees. At a rate of 40 billable hours a week, 540 hours represents well over three months of solid work exclusively on one appeal. The court finds this amount to be unreasonable and reduces the requested attorney fees for the appeal by 50%. *See Goodwin v. Metts*, 973 F.2d 378, 384–85 (4th Cir. 1992) (holding that a district court did not abuse its discretion by allowing as compensable only 320 hours of the 647 hours claimed for an appeal); *Spell v. McDaniel*, 852 F.2d 762, 767 (4th Cir. 1988) (allowing only 420 hours of over 1,400 hours claimed for an appeal). Accordingly, the court reduces the attorney fees requested by Dansie by $122,336.50.

### G. Conclusion

The court disallows $49,500 in travel time billed by Dansie's trial counsel. The court also disallows $122,336.50 for time billed for work on his appeal. Taken together, the court reduces Dansie's $788,200 fee request by $171,836.50 for hours unreasonably billed, leaving $616,363.50.

## III. REASONABLE HOURLY RATE

The second component of an attorney fee calculation is a reasonable hourly rate. "When determining the appropriate rate to apply to the reasonable hours, 'the district court should base its

9

hourly rate award on what the evidence shows the market commands for . . . analogous litigation.' . . . The focus must be on the 'prevailing market rate in the relevant community.'" *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (first alteration in original) (citations omitted). "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state attorney possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006); *accord Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1259 (10th Cir. 2005) ("While a party is free to select counsel from any locality, absent a clear showing that the matter could not reasonably have been handled by counsel from the locality, rates above the prevailing local hourly rates should not be applied."). As discussed in Part II.C. above, the subject matter of this litigation is not so unusual that out-of-state counsel is required. The court finds that in-state attorneys are more than capable of litigating an ADA and FMLA employment law case. Moreover, employment law attorneys in this district have the skills to litigate an appeal in the Tenth Circuit. Therefore, the question here is: What is the prevailing market rate in the Salt Lake City area for an employment law attorney?

Aside from local counsel, who played a minimal role in this litigation, Dansie's attorneys are located in other states. His trial attorney, Nick Thompson, billed almost all of the hours spent on this case until a judgment was entered. Dansie's appeal was principally handled by two attorneys: Adam Hansen and Michael Bourne. After the appeal, Thompson and Hansen did most of the work negotiating a settlement and briefing this motion for attorney fees. Dansie argues that a reasonable hourly rate for Thompson and Hansen is $550 per hour. He also asserts that a reasonable rate for Bourne is $450.

In evaluating whether these hourly rates are reasonable, the court does not assess whether these attorneys' skills and experience can command these rates in the national marketplace. Instead, the court analyzes what the going rate is for an in-state employment law attorney. The court has recently found that a reasonable rate for an experienced employment law attorney in Utah is $415 per hour and the reasonable rate for an employment law associate is $280 per hour. *See United States v. Parker-Migliorini Int'l, LLC*, 2:12-cv-00381-JNP-CMR, Dkt. No. 354 (D. Utah April 11, 2022) (requesting an hourly rate of $415 for April Hollingsworth, an experienced employment law attorney, and $280 for Katie Panzer, an employment law associate); *United States v. Parker-Migliorini Int'l, LLC*, No. 2:12-cv-00381-JNP-CMR, 2023 WL 1474858, at *8 (D. Utah Feb. 2, 2023) (awarding fees at the rates requested by the Hollingsworth firm); *see also Emuveyan v. Ewing*, No. 2:19-cv-00616-HCN-DAO, 2022 WL 3908544, at *3–*4 (D. Utah Aug. 30, 2022) (Hollingsworth billed at $410 per hour and Panzer billed at $250 per hour). Based upon past attorney fee awards in this market, the court finds that $415 per hour is a reasonable hourly rate for Thompson and Hansen, which is about 25% less than the $550 per hour rate requested. The court finds that a similar 25% reduction in the hourly rate for Bourne is also warranted to bring his rate in line with this market. Thus, a reasonable hourly rate for Bourne is $335 per hour.

Although these three attorneys billed the lion's share of hours in this case, a total of 13 individuals billed time for the plaintiff (12 attorneys and one law student). Ideally, the court would determine an appropriate hourly rate for each timekeeper and multiply that amount by the reasonable number of hours each individual billed in this litigation. But Dansie did not provide the court with a breakdown of the number of hours that each timekeeper billed to this case. Absent extensive effort to categorize thousands of individual billing entries, the court is unable to perform a traditional attorney fee calculation. The court, however, need not engage in such a time-

consuming enterprise. "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). In this case, rough justice is satisfied by reducing the attorney fee request by 25% to bring the fee award in line with a reasonable hourly rate for this market.

After reducing the total fee request for hours unreasonably billed, $616,363.50 remains. Applying a 25% discount to this amount to account for the estimated reasonable hourly rate, the court finds that the appropriate attorney fee award for this litigation is $462,272.63.

## IV.  COSTS

The court next turns to the task of determining the amount of costs reasonably incurred by Dansie for this litigation.

### A.  Nicolini Deposition Transcript

Dansie requested $1,135.15 for the cost of the Nicolini deposition. Union Pacific argues that the court should not award this amount because the invoice shows that Dansie was only charged $979.95 for the deposition. Union Pacific also contends that this cost should be reduced further because $441.35 of this amount was for a two-day expeditated surcharge.

Dansie concedes that he accidentally listed a charge for a different deposition and that he should be awarded only $979.95 for the deposition. But he argues that the expedited surcharge was necessary because he was able to locate the deponent until just days before the FMLA trial was scheduled to begin. The court agrees that the expedited surcharge was necessary. Thus, the court reduces the cost award for the Nicolini deposition by $155.20 to account for Dansie's error in requesting the wrong amount.

### B. Costs for the FMLA Trial

Union Pacific argues that the costs associated with the FMLA trial amount to $8,296.90. It asserts that Dansie should not be compensated for these costs because the costs for this unsuccessful claim are severable from the costs for his successful ADA claim. The court disagrees. For the same reasons that the court rejects Union Pacific's argument that Dansie should not receive attorney fees for the trial, *see, supra*, Part II.A, the court also rejects Union Pacific's costs argument. Dansie is entitled to reasonable costs associated with the FMLA trial.

### C. Expert Costs

Dansie hired an expert to testify about his economic losses. He did not call the expert at trial because the parties eventually stipulated to the amount of Dansie's lost wages. He requests $5,788.75 in costs for the expert.

Union Pacific argues that these costs are not reasonable because Dansie did not serve an expert designation and he did not call the expert at trial. But Dansie provided evidence that he disclosed the expert and served an expert report. And the expert did not need to testify because of the parties' stipulation. Dansie is entitled to costs for hiring an expert.

### D. Travel Costs

Dansie requests $13,261.48 for costs associated with his trial counsel's travel to and from Utah for depositions, hearings, and the FMLA trial. The Tenth Circuit normally does not permit reimbursement of travel costs incurred because a party elects to retain out-of-state counsel. "[B]ecause there is no need to employ counsel from outside the area in most cases, we do not think travel expenses for such counsel between their offices and the city in which the litigation is conducted should be reimbursed. Departure from this rule should be made in unusual cases only." *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983). As discussed above, unusual circumstances

did not merit hiring counsel from another state. Because "travel-related expenses incurred solely because [a plaintiff] hired out-of-state attorneys and paralegals are not reasonable," *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-cv-00032-RJS, 2021 WL 254268, at *20 (D. Utah Jan. 26, 2021), the court declines to award travel costs. The court reduces the cost award by $13,261.48.

    *E.    Conclusion*

Dansie requested a total of $40,361.76 for costs incurred for this litigation. For the reasons stated above, the court reduces the Nicolini deposition costs by $155.20. The court also finds that the $13,261.48 requested for travel costs is unreasonable. Applying these reductions, the court finds that Dansie's reasonable costs for this litigation total $26,945.08.

## CONCLUSION

The court grants in part and denies in part Dansie's motion for attorney fees and costs. The court finds that a reasonable attorney fee award is $462,272.63. The court further finds that a reasonable litigation costs award is $26,945.08. Accordingly, the total fee and costs award in favor of Dansie is $489,217.71.

DATED September 29, 2023.

                                  BY THE COURT

                                  _____
                                  Jill N. Parrish
                                  United States District Court Judge